# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BANK OF OKLAHOMA, N.A., )
)
)
       **Plaintiff,** )
)
v. )
)   Case No. 10-CV-2085-CM/DJW
)
THOMAS M. FOGT, *et al,* )
)
       **Defendants.** )
)

## MEMORANDUM AND ORDER

Plaintiff Bank of Oklahoma, N.A. brings this lawsuit against defendants Thomas M. Fogt, Estel C. Hipp, Michael H. Miller, William H. Moneymaker, Charles J. Sipple, James E. Taylor, Sr., Doug J. Patterson, and Raymond and Joan Baker, LLC, alleging breach of guaranty contracts. This matter is before the court on defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) (Doc. 13).

**I.**     **Factual Background**

According to plaintiff's complaint, in June 2005, Pawnee Place, L.L.C., in which defendants each own a member interest, issued a promissory note in favor of Commercial Federal Bank in exchange for a loan. In August 2006, plaintiff received, through a transfer and assignment, the note and related documents. Although the loan was originally set to mature on July 1, 2007, the parties executed modification agreements that extended the maturity date to October 16, 2009. After the first of these modifications, each defendant signed an Amended and Restated Unconditional Limited Guaranty of Payment, (the "Guaranties") in which they agreed to guarantee payment of a percentage of

the outstanding balance due to plaintiff (including principal, interest and additional charges). The Guaranties contain a forum selection clause in paragraph 10, which states:

> [t]his Guaranty is performable in Johnson County, Kansas, and shall be governed by the laws of the State of Kansas. Guarantor consents to personal jurisdiction and venue in Johnson County, Kansas, and waives the right to require suit to be brought in any other jurisdiction.

(Doc. 1 Exs. 5−13 at ¶ 10).

Pawnee failed to pay all the principal and interest by the maturity date, and defendants have failed and refused to pay the limited amounts of indebtedness specified in their respective Guaranties.

## II.   Legal Standard

When considering a matter under diversity jurisdiction, federal courts examine forum selection clauses under federal law. *Kirk v. NCI Leasing, Inc.*, No. 05-1199-MLB, 2005 WL 3115859, at *2 (D. Kan. Nov. 21, 2005). When "venue is specified in a forum selection clause with mandatory or obligatory language, the clause will be enforced." *K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 499 (10th Cir. 2002) (citations and quotations omitted). Such mandatory or obligatory language must clearly express that venue is only appropriate in the designated forum. *Id*. at 498. Otherwise, the clause is merely permissive, that is, it deems venue proper in a designated forum but does not prohibit litigation elsewhere. *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926−27 (10th Cir. 2005). "[T]he controlling factor in governing enforcement of a venue provision in any agreement by confining venue to a specific court is whether the parties intended to commit the actions to that court to the exclusion of all others." *SBKC Service Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 582 (10th Cir. 1997).

## III.   Discussion

Defendants contend that the Guaranties' forum selection clause "mandates that the suit be in Johnson County, Kansas." (Doc. 14, at 3.) They argue that the clause "makes clear" that Johnson

County is the exclusive venue because the clause "provides for a waiver of the right for suit in any other jurisdiction." (*Id*.) This provision, however, only limits the rights of the "Guarantor[s]," *i.e.*, the defendants. (Doc. 1, Exs. 5−13 at ¶ 10.) Neither this, nor any other provision in the Guaranties suggests that the lender/plaintiff agreed that venue would be exclusive to Johnson County. The court finds that defendant waiving the right to require suit to be brought outside the designated forum does not mandate plaintiffs bring suit inside the designated forum.

Further, in the Tenth Circuit, "consenting to" jurisdiction has been found to be permissive, absent additional language indicating an intention to make the jurisdiction exclusive. *Behar v. Underwriters at Lloyds*, No. CIV-07-179-C, 2007 WL 1170605, at *3 (W.D. Okla. April 18, 2007); *CITGO Petroleum Corp. v. Home Serv. Oil Corp.*, No. 09-CV-0503-CVE-PJC, 2009 WL 4348391, at *3−4 (N.D. Okla. Nov. 30, 2009) (noting that consenting to jurisdiction and venue is reasonably construed as a permissive forum selection clause). The language in the present case is permissive. The clause does not say that venue "shall be," "is only," or "is exclusively" in Johnson County, Kansas. *K & V Scientific Co.*, 314 F.3d at 499 ("[T]he clause refers only to jurisdiction, and does so in non-exclusive terms (*e.g.*, there is no use of the terms 'exclusive,' 'sole,' or 'only').").

Thus, because the court finds that the language in question does not prohibit venue outside of the Johnson County, Kansas and as defendants have not challenged the facts alleged by plaintiffs establishing this court as a proper venue under 28 U.S.C. § 1391(a) (Doc. 1 at ¶ 11), the defendants' motion to dismiss for improper venue must be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) (Doc. 13) is denied.

Dated this 22nd day of July, at Kansas City, Kansas.

>s/ Carlos Murguia
>**CARLOS MURGUIA**
>**United States District Judge**