IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BANK OF OKLAHOMA, N.A., )
)
)
Plaintiff, )
)
v. )
) Case No. 10-CV-2085-CM
)
THOMAS M. FOGT, *et al,* )
)
Defendants. )
)

## MEMORANDUM AND ORDER

Plaintiff Bank of Oklahoma, N.A. ("BOK") brings this lawsuit against defendants Thomas M. Fogt, Estel C. Hipp, Michael H. Miller, William H. Moneymaker, Charles J. Sipple, James E. Taylor, Sr., Doug J. Patterson, and Raymond and Joan Baker, LLC, alleging breach of guaranty contracts. This matter is before the court on Plaintiff's Motion for Summary Judgment (Doc. 17).

**I.     Factual Background**

In June 2005, Pawnee Place, L.L.C., in which defendants each own a member interest, issued a promissory note ("Note") in the original principal sum of $11,200,000 in favor of Commercial Federal Bank. The Note provided for a variable rate of interest during its term. The original maturity date of the Note was July 1, 2007.

In August 2006, BOK received, through a transfer and assignment, the Note and related documents. Pawnee and BOK executed a First Modification Agreement, wherein the principal amount of the Note was increased to $15,000,000, the maturity date of the Note was extended to August 2008, and BOK was named as the payee. In exchange for the consideration given to Pawnee, defendants

-1-

Fogt, Hipp, Miller, Moneymaker, Sipple, Taylor, Patterson, and Baker LLC each executed and delivered to BOK a separate Amended and Restated Unconditional Limited Guaranty of Payment in favor of BOK. The amended guaranties amended and restated prior guaranties that these defendants had executed in 2005. On July 9, 2007, after acquiring the member interest in Pawnee previously held by another member, defendant Fogt executed and delivered to BOK another Amended and Restated Unconditional Limited Guaranty Of Payment, which amended and restated his guaranty executed in 2006.

Each of the guaranties (1) stated that the guarantor absolutely and unconditionally guaranteed to BOK prompt payment as and when due of the Note, including all principal, interest and additional charges and (2) were subject to a limitation of liability stated as a percentage of the outstanding balance due to BOK under the Note from time to time. They also stated that the guarantor agreed to pay all reasonable expenses incurred in enforcing the terms of the guaranty, including reasonable attorneys' fees, and that in the event any action was brought to enforce the guaranty, such reasonable expenses shall be included in any judgment rendered.

In August 2008, Pawnee and BOK executed a Second Modification Agreement, wherein the maturity date was extended to October 16, 2008. On October 16, 2008, Pawnee and BOK executed a Third Modification Agreement, wherein the maturity date was extended to October 18, 2009. The Third Modification Agreement states that interest is owed "from the date hereof on the unpaid principal balance at the fluctuating rate per annum equal to the . . . Prime Rate, subject to adjustments . . . plus one-quarter of one percent (0.25%), payable in monthly installments of accrued interest for each preceding calendar month commencing on November 1, 2008, and continuing on the first day of each and every month thereafter to and including October 1, 2009." (Doc. 1-15, at 3.)

Pawnee failed to pay all principal and interest owing on the Note and has refused to make any payment on the Note since October 18, 2009. On May 6, 2010, balances of $84,668.25 and $1,028.23 held by Pawnee in deposit accounts were applied against the amount owing on the Note. As of May 24, 2010,

$11,659,041.54 of principal was due and owing on the Note. The parties dispute the proper method of calculating the interest on the Note, and thus, they also dispute the amount of interest due on the Note. Each defendant has failed and refused to pay the limited amounts of the indebtedness specified in the respective Amended and Restated Unconditional Guaranty of Payment executed by the respective defendant. BOK has incurred costs, including attorneys' fees, in pursuit of enforcement of the guaranties.

Plaintiff seeks its costs and attorneys' fees, plus the following limited percentages of the principal and interest due on the Note:

>Thomas M. Fogt: 18.34% of $11,898,178.91 or $2,182,126.01;
>
>Estel C. Hipp: 11.00% of $11,898,178.91 or $1,308,799.68;
>
>Michael H. Miller: 11.00% of $11,898,178.91 or $1,308,799.68;
>
>William H. Moneymaker: 11.00% of $11,898,178.91 or $1,308,799.68;
>
>Charles J. Sipple: 11.00% of $11,898,178.91 or $1,308,799.68;
>
>James E. Taylor, Sr.: 11.00% of $11,898,178.91 or $1,308,799.68;
>
>Doug Patterson: 11.00% of $11,898,178.91 or $1,308,799.68;
>
>Raymond and Joan Baker, LLC: 11.00% of $11,898,178.91 or $1,308,799.68.

Plaintiff also seeks the stated percentage rate of interest accruing per diem from and after May 24, 2010, to the date of judgment, plus post-judgment interest at the stated percentage rate until full payment of the judgment by the respective defendant.

**II.     Discussion**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

When there is a genuine issue on the amount of damages, summary judgment may be entered on liability alone. Fed. R. Civ. P. 56(d)(2).

To prevail on its claims against these defendants, plaintiff must show: (1) execution and existence of the guaranty contracts; (2) sufficient consideration to support the contracts; (3) performance in compliance with the contracts by BOK; and (4) each defendant's breach insofar as such matters are in issue. *See Commercial Credit Corp. v. Harris*, 510 P.2d 1322, 1325 (Kan. 1973). The undisputed facts establish that each defendant is liable to plaintiff under the guaranty the defendant executed. Defendants do not dispute their liability, but they do dispute the amount of damages.

Defendants argue that the interest should be calculated based on a 365-day per diem accrual. In its summary judgment motion, plaintiff argues interest is to be calculated using a 360-day per diem basis. The parties agree that the method of calculation leads to approximately a $5,000 difference in the amount of interest owed on the Note.

Plaintiff requests that the court determine which method should be used based on the record presented; however, the issue of damages has not been fully presented to the court. Plaintiff provides a general calculation under both methods, but neither party has established the correct method of calculating the interest. And the Third Modification agreement cited by the parties does not appear to address the method of calculating interest after October 1, 2009. Because the record does not conclusively establish the appropriate amount of damages, the court enters summary judgment only as to defendants' liability.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 17) is granted in part and denied in part.

Dated this 21st day of September 2010, at Kansas City, Kansas.

                                                      **<u>s/ Carlos Murguia</u>**
                                                      **CARLOS MURGUIA**
                                                      **United States District Judge**